E-FILED
Thursday, 20 August, 2026 11:36:17 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

KENNADO K. TAYLOR,
Plaintiff,

v. | Case No. 1:26-cv-01344-JEH

FARLEY, *et al.*,
Defendants.

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Pontiac Correctional Center ("Pontiac"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Lieutenant Farley, Illinois Department of Corrections ("IDOC") Director Latoya Hughes, Dr. Paul, and Pontiac librarian Elizabeth Castillo-Bemont.

Plaintiff's Complaint, which consists of twelve single-spaced handwritten pages, is difficult to decipher. (Doc. 1 at pp. 6-17). From what the Court can discern, Plaintiff alleges Defendant Lieutenant Farley threatened to kill and rape him again on July 26, 2026. Plaintiff claims another inmate told him Defendant Farley offered to pay the inmate to kill Plaintiff. Defendant Farley was assigned to the Behavior Management Unit ("BMU") where Plaintiff was housed.

On an unspecified date, Plaintiff alleges he spoke with Defendant Dr. Paul, a psychologist assigned to the BMU, about Defendant Farley's threats. Plaintiff alleges Defendant Dr. Paul was also aware that Defendant Farley allegedly beat and raped Plaintiff on February 18, 2026. Plaintiff states he filed a Prison Rape Elimination Act ("PREA") complaint against Defendant Farley and sent it to Defendant IDOC Director Hughes. Plaintiff claims Defendants Dr. Paul and Hughes failed to take action and "turn[ed] a blind eye" to Defendant Farley's misconduct. *Id.* at p. 7.

Plaintiff claims Defendant Farley retaliated against him for filing a PREA complaint by directing a correctional officer to shake down his cell and order Plaintiff to remove his clothes on an unspecified date. Plaintiff alleges male and female correctional officers walked past his cell and made fun of his body.

Plaintiff's allegations regarding Defendant Castillo-Bemont, the librarian at Pontiac, are difficult to decipher. Plaintiff alleges Defendant Castillo-Bemont is "holding up [his] 1915(g)." *Id.* at p. 11. Plaintiff also refers to a "soiled document." *Id.* It is unclear if Plaintiff is suing Defendant Castillo-Bemont for allegedly filing a "soiled document" or for refusing to file the document.

**III**

It appears that Plaintiff's claims against Defendants Farley, Hughes, and Dr. Paul regarding Defendant Farley's alleged misconduct are not properly joined in the same lawsuit as his claims against Defendant Castillo-Bemont. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will give Plaintiff a final opportunity to file an Amended Complaint within thirty days from the entry of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

**IV**

On August 19, 2026, Plaintiff filed an Emergency Motion for Emergency Relief. (Doc. 8). Plaintiff alleges Defendant Farley is retaliating against him for filing a lawsuit, and Defendant Dr. Paul is allowing Defendant Farley to sexually harass him. Plaintiff also claims it is hot in his cell this summer; the counselor has

not responded to his grievances; he only receives 200 calories for breakfast and lunch and 500 calories for dinner; he has not received a kosher diet menu; the law library is not e-filing his paperwork; he was denied protective custody placement; and he has been denied sick call for six months. It is unclear what relief Plaintiff is requesting. The Court does not have authority to order non-defendant prison officials to take any specific action. Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Emergency Motion for Emergency Relief [8] is DENIED.**

3) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

*It is so ordered.*

Entered: August 20, 2026

s/Jonathan E. Hawley
U.S. District Judge